**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03802-JLS-E                              Date: July 11, 2023
Title:  LFG Payments, Inc. v. Christian Smith

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Patricia Kim  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:  ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                              Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION TO REMAND
AND FOR PAYMENT OF ATTORNEYS' FEES (Doc. 13)**

Before the Court is a Motion to Remand and for Payment of Attorneys' Fees filed by Plaintiff LFG Payments, Inc. ("LFG").  (Mot., Doc. 13.)  Defendant Christian Smith ("Smith") opposed, and LFG replied.  (Opp., Doc. 16; Reply, Doc. 18.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for July 21, 2023, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS LFG's motion to remand but DENIES LFG's motion for attorneys' fees.

I.     **BACKGROUND**

A.   **Factual Background**

Plaintiff LFG Payments, Inc. is a software development company that specializes in "financial technology and related solutions."  (Indexed Copy of State Court Filings in Support of Notice of Removal of Action ("Index"), Tab 4 (Complaint) ¶ 1, Doc. 1-1 at 22–37.)  In April 2022, LFG hired Defendant Christian Smith, a freelance professional as "a technical writer to develop literature describing [LFG's] solutions for various

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03802-JLS-E                                    Date: July 11, 2023
Title:  LFG Payments, Inc. v. Christian Smith

purposes, including in public-facing documentation." (*Id.* ¶¶ 13–14.) LFG alleges that Smith represented to LFG that he would be able to complete certain software and product development tasks and that, relying on Smith's representations, LFG obtained his services through non-party Gun.io, Inc. a contractor placement company. (*Id.* ¶¶ 14, 32.)

According to LFG, Smith's services were not satisfactory. LFG alleges that Smith intentionally concealed information about his work's status and made materially false representations about work that he claimed to have performed. (*Id.* ¶¶ 3, 28.) LFG avers that it "lost nearly $100,000.00" because of Smith's misrepresentations and seeks damages in that amount plus the costs it incurred hiring others to perform the tasks that Smith falsely claimed to have performed. (*Id.* ¶ 50.) LFG also seeks punitive damages against Smith. (*Id.* ¶ 59; Prayer for Relief.)

### B.    Procedural Background

On November 8, 2022, LFG filed its Complaint against Smith in the Superior Court of California, Los Angeles County. (*See generally id.*) LFG brought four causes of action against Smith: (1) Fraud – Intentional Misrepresentation; (2) Fraud – Concealment; (3) Quasi-Contract – Unjust Enrichment; and (4) Violation of California Business and Professions Code § 17200*, et seq*. (*Id.* ¶¶ 41–76.)

According to LFG, it effected service of process on Smith via first-class mail with return receipt requested on January 6, 2023, in accordance with California Code of Civil Procedure section 415.40, after several unsuccessful attempts to serve him in person. (*See* Mot. at 3; Index, Tab 8, Proof of Service, Doc. 1-1 at 57–59.)

On February 2, 2022, Smith filed a motion to compel arbitration in the superior court. (Index, Tab 9, Doc. 1-2 at 1–82.) On March 6, 2023, Smith filed an *ex parte* application seeking to stay discovery pending a ruling on his motion. (Index, Tab 14,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03802-JLS-E                                        Date: July 11, 2023
Title:  LFG Payments, Inc. v. Christian Smith

Doc. 1-2 at 102–29.)  On March 7, 2023, the superior court denied Smith's *ex parte* application.  (Index, Tab 16, Doc. 1-2 at 146–47.)

On April 14, 2023, the superior court posted its tentative ruling denying Smith's motion to compel arbitration.  (Request for Judicial Notice ("RJN"), Ex. 1, Doc. 13-1.)  On the same day, Smith filed a request for a statement of decision.  (Index, Tab 22, Doc. 1-2 at 200–3.)  On April 18, 2023, the superior court denied Smith's motion to compel arbitration.  (Index, Tab 24, Doc. 208–15.)

On May 18, 2023, Smith removed the action to federal court, invoking diversity jurisdiction.  (Notice of Removal ("NOR") ¶ 6, Doc. 1.)  According to Smith, removal here was timely because LFG's Complaint did not reveal a basis for removal: "[LFG] alleged only that its damages were 'nearly $100,000,' 'plus the costs needed to hire others to perform the work[.]'"  (*Id.* ¶ 11 (quoting Compl. ¶¶ 5, 39, 50, 75).)  Because LFG "did not allege how any specific amount in controversy might be calculated," it did not become clear that the action was removable until April 18, 2023, when LFG's counsel made that "clarifying concession" that the dispute is about "$100,000 in work."  (NOR ¶¶ 11–12.)  According to Smith, "[t]his was the first indication by LFG that the amount in controversy was more than $75,000."  (NOR ¶ 12.)

On June 14, 2023, LFG filed the Motion to Remand presently before the Court.  (Mot.)  LFG argues that: (1) Smith's removal was untimely because Smith was on notice that the amount in controversy exceeded $75,000 over 30 days before May 18, 2023; and (2) Smith waived his right to remove the action by filing a motion to compel arbitration and seeking a statement of decision from the superior court before opting for removal.  (*Id.* at 5–10.)  LFG also asks the Court to award it the costs and fees that it incurred litigating removal and remand because Smith removed the action on a "contrived" basis.  (*Id.* at 10–11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03802-JLS-E                                        Date: July 11, 2023
Title:  LFG Payments, Inc. v. Christian Smith

## II.   <u>LEGAL STANDARD</u>

### A.   **Removal**

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter*, 582 F.3d at 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (cleaned up)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B.   **Timeliness**

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03802-JLS-E                                    Date: July 11, 2023
Title:  LFG Payments, Inc. v. Christian Smith

*Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010).  "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'"  *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).  "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained."  *Id.* (cleaned up).  The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).  "If the notice of removal was untimely, a plaintiff may move to remand the case back to state court."  *Carvalho*, 629 F.3d at 884.

> **C.      Attorneys' Fees and Costs**

The standard for awarding attorneys' fees when remanding a case to state court "should turn on the reasonableness of the removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Id.* at 136.  "Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful."  *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1073 (C.D. Cal. 2014) (cleaned up); *accord Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1206 (C.D. Cal. 2015).  Rather, courts should focus on whether relevant case law foreclosed the defendant's basis for removal.  *Hall*, 146 F. Supp. 3d at 1206.  Removal based on novel arguments where the existing law is inconclusive is not necessarily objectively unreasonable, even if the arguments fall short of persuading the court.  *See, e.g.*, *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03802-JLS-E                                      Date: July 11, 2023
Title:  LFG Payments, Inc. v. Christian Smith

III.    <u>**DISCUSSION**</u>

A.    **Smith's Removal Was Not Timely**

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

In his Notice of Removal, Smith avers that LFG's Complaint failed to reveal a basis for removal because it sought compensatory damages of "nearly $100,000 . . . plus the costs needed to hire others to perform the work[,]" which was not enough to show that the amount in controversy here exceeded $75,000.  (NOR ¶¶ 11–12.)  According to Smith, that the amount in controversy here exceeds $75,000 did not become unequivocally clear until LFG's counsel stated in open court on April 18, 2023 that "This is a dispute about $100,000 in work."  (NOR ¶ 12.)

LFG counters that its Complaint made it clear from the beginning that the amount in controversy exceeds $75,000.  According to LFG, no reasonable reader could doubt that an unspecified amount of "nearly $100,000" exceeds $75,000 because "nearly" means "almost" or "very close to."  (Mot. at 7.)  Furthermore, the Complaint seeks more than the "nearly $100,000" that LFG alleges it paid Smith for unperformed work: it also seeks damages for the costs that it incurred hiring others to perform that work as well as punitive damages for Smith's alleged fraud.  (*Id.*)  For these reasons, LFG argues, "[a]n honest reading of the four corners of the Complaint, coupled with a reasonable amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03802-JLS-E                                    Date: July 11, 2023
Title:  LFG Payments, Inc. v. Christian Smith

intelligence, makes clear that Smith was bound to file his Notice of Removal within 30 days after he received LFG's Complaint." (*Id.*)

LFG's arguments are persuasive.  LFG's Complaint is admittedly imprecise in the damages that it alleges, but its allegations of "nearly $100,000" in damages *plus* "the costs needed to hire others to perform the work," *plus* the demand for punitive damages were sufficient to put Smith on notice that the amount in controversy here exceeded $75,000.  It is difficult to grasp how a reasonable reader of the Complaint could conclude that the amount in controversy could fall under the $75,000 threshhold.

Because Smith did not remove this case to federal court within 30 days after he was served with the Complaint, his removal was untimely.  Accordingly, the Court GRANTS LFG's Motion and REMANDS the case to the superior court.

## B.      Attorneys' Fees Are Not Warranted Here

LFG seeks $12,584.00 in costs and fees incurred in litigating removal and remand on the ground that Smith's arguments for removal are objectively unreasonable and contrived.  (Mot. at 10–11.)  Although the Court has found Smith's arguments for removal unpersuasive, they are not so contrived and unreasonable that an award of attorneys' fees and costs is warranted here.  LFG bears some responsibility for having to litigate removal and remand: more precise allegations of damages would have foreclosed the present dispute about the propriety of removal.  LFG's own imprecision gave Smith an opening, and the Court will not penalize him for advancing a novel, albeit unsuccessful argument.

Accordingly, the Court DENIES LFG's motion for attorneys' fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-03802-JLS-E                                    Date: July 11, 2023
Title:  LFG Payments, Inc. v. Christian Smith

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS LFG's motion to remand and
DENIES LFG's motion for attorneys' fees and costs.  The Court REMANDS this action
to the Superior Court of California, County of Los Angeles, Case No. 22STCV35450.

Initials of Deputy Clerk: pk